Chief Judge Desmond (dissenting).
As the legislative findings recite (see East New York Sav. Bank v. Hahn, 293 N. Y. 622, affd. 326 U. S. 230) and as our records show and we all know, the possession by young people in the public streets and parks in New York City of knives and other sharp pointed or edged instruments "resulted in the commission of many homicides, robberies, maimings and assaults of and upon the people of the city ”, and the continued possession of such instruments by the young people of the city presented an ever present danger of teen-age gang wars. The members of the City Council, exercising their police power, enacted that the possession or carrying of such instruments in public places in New York City by persons under 21 years of age should be a punishable offense. The statute is surely of equal validity with section 1896 of the Penal Law, which makes it a misdemeanor to sell or possess a switchblade knife. It does not go nearly so far as subdivision g of section 436-5.0 of the Administrative Code of the City of New York, which makes criminal the selling or possession of an imitation pistol or revolver of particular color or appearance (see People v. Weinstein, 4 N Y 2d 986), or section 1894-a of the Penal Law, which penalizes the sale of ordinary fireworks.
I see nothing vague or indefinite about this local law. It forbids the carrying in public places of knives and sharp pointed or edged instruments 1 ‘ which may be used for cutting or puncturing ”. Of course, that outlaws some articles which could be used for peaceful purposes but the statute contains carefully drawn exceptions. It excludes from its coverage persons whose possession of such knives or instruments is necessary in their occupations, and persons who are licensed hunters, trappers or fishermen. It exempts members of the Boy Scouts of America *62 and similar organizations when the possession of knives is necessary for the activities of the organization, and it excludes all cases where the knife or instrument is carried for a lawful purpose not including self-defense or amusement. Why should there be any difficulty in construing or applying such language?
Of course, this is a drastic statute but it was enacted by reasonable and practical men to deal with a desperaté situation and to protect the peace and safety of a crowded city, difficult to govern at best. None of the cases cited in the majority opinion invalidate such a law. With proper self-restraint we have consistently refused to strike down police power statutes except as a “last resort ” and have consistently applied the presumption of constitutionality (Wiggins v. Town of Somers, 4 N Y 2d 215). This is notably a case for such self-restraint. The courts should not interfere with the local legislature’s reasonable and intelligent efforts to deal with public, widespread disorder.
The judgment should be affirmed.
Judges Ftjld, Froessel, Burke and Foster concur with Judge Van Voorhis ; Chief Judge Desmond dissents in an opinion in which Judge Dye concurs.
Judgment reversed and complaint dismissed.